IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **AMANDA TAYLOR,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**MAINLINE AVIATION, LLC,**<br><br>**Defendant.** | Civil Action No. _____ |

## COMPLAINT

Amanda Taylor ("Taylor") brings this Complaint against Mainline Aviation, LLC ("Mainline") and shows the Court as follows:

### INTRODUCTION

1.

This is an FMLA interference and retaliation case. Mainline employed Taylor as a Production Supervisor and later as a Production Manager from April 3, 2021 through August 18, 2022. On August 17, 2022, Taylor formally requested intermittent FMLA leave to care for her minor child. Mainline interfered with Taylor's request and terminated Taylor's employment on the day following the request, in retaliation of the request.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U. S.C. § 1331 because this case arises under the FMLA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Mainline is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mainline is a limited liability company organized under the laws of the State of Georgia.

5.

Mainline may be served with process through its registered agent, Wayne Saxe located at 1700 Enterprise Way, Suite 101, Marietta, Georgia 30067.

6.

Mainline is subject to the personal jurisdiction of this Court.

7.

Taylor is a natural person who resides within Henry County, Georgia.

**THE FACTS**

8.

Mainline employed Taylor during the twelve consecutive months immediately prior to August 17, 2022.

9.

Mainline employed Taylor for at least 1250 hours during the twelve consecutive months immediately prior to August 17, 2022.

10.

At all times material hereto, Taylor was an "eligible employee" of Mainline within the meaning of the FMLA, 29 U.S.C. § 2611(2).

11.

Mainline employed fifty (50) or more employees within seventy-five (75) miles of the worksite at which it employed Taylor each working day during each of at least twenty (20) calendar workweeks in 2021.

12.

Mainline employed fifty (50) or more employees within seventy-five (75) miles of the worksite at which it employed Taylor each working day during each of at least twenty (20) calendar workweeks in 2022.

13.

At all times material hereto, Mainline has been an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611 (4).

14.

At all times material hereto, Mainline has been engaged in or has affected interstate commerce.

15.

Mainline is in the business of providing catering services to airlines at Hartsfield Jackson International Airport.

16.

Mainline conducts this business from two locations.

17.

One location is referred to as "South" and is located away from the airport campus, at 770 Atlanta South Parkway, Atlanta, Georgia 30349.

18.

The other location is known by the acronym "IFK" for International Flight Kitchen and is located on the airport campus at 2200 M H Jackson Service Road, Atlanta, GA 30354

19.

Mainline employed Taylor as an Operations Manager from April 3, 2021 through August 18, 2022.

20.

At all times during August 2022, Mainline assigned Taylor to the IFK location.

21.

Taylor is the parent of a thirteen-year-old minor child ("the child") residing in her single parent household.

22.

The child suffers from a serious health condition.

23.

The child suffers from a serious health condition requiring frequent therapy.

24.

On or about August 4, 2022, Taylor met with Mainline management official Willie Favors.

25.

During this meeting, Taylor produced documentation from the child's pediatrician, and requested that she be given intermittent time off to care for the child.

26.

The pediatrician's documentation stated that the child suffered a serious health condition that required frequent therapy sessions.

27.

During this meeting, Favors refused to accept the documentation.

28.

During this meeting, Favors refused to discuss Taylor's request for intermittent time off to care for her child.

29.

During this meeting, Favors instructed Taylor to discuss the matter with Mainline's Human Resources Department.

30.

On or about August 4, 2022, Taylor advised Mainline's Human Resources Administrator, Mae Ann Nixon that she was requesting intermittent time off to care for her child.

31.

On or about August 4, 2022, Taylor provided Nixon with the pediatrician's documentation.

32.

On or about August 4, 2022 Nixon advised Taylor that she was eligible for FMLA leave to provide intermittent care for the child.

33.

Mainline uses a form to process FMLA requests titled "Certification of Healthcare Provider for Family Members Serious Health Conditions under the Family and Medical Leave Act" ("the FMLA form").

34.

On or about August 4, 2022, Nixon partially completed the FMLA form.

35.

On or about August 4, 2022, Nixon advised Taylor to ask the child's pediatrician to complete the rest of the FMLA form.

36.

On or about August 4, 2022, Nixon advised Taylor to return the completed FMLA form to Mainline by August 19, 2022.

37.

On or about August 17, 2022, Taylor provided the completed FMLA form to Mainline's Human Resources Director Jennifer Simms.

38.

On or about August 18, 2022, Taylor reported to work as scheduled.

39.

Simms telephoned Taylor approximately one hour after Taylor reported to work on August 18, 2022.

40.

During this telephone call, Simms advised Taylor that Mainline was laying off employees assigned to the South location.

41.

During this telephone call, Simms advised Taylor that Mainline was terminating her employment.

42.

During this telephone call, Simms requested that Taylor meet her in person at the South location to process her termination.

43.

On August 18, 2022, Taylor met with Simms and Nixon at the South location.

44.

During this meeting Taylor asked Simms why she was subject to the layoff as she did not work at the South location.

45.

Simms replied, "I don't know".

46.

Simms further advised Taylor that Mainline made the decision to terminate her employment on the evening of August 17, 2022.

47.

On August 18, 2022, terminated Taylor's employment.

48.

As of the date of initiation of this action, Mainline has not laid off any other employee assigned to the IFK location.

49.

Since August 18, 2022, Mainline replaced Taylor with another person in the IFK Operations Manager position Taylor held immediately prior to her termination.

50.

Through its termination of her employment, Mainline interfered with Taylor's right to FMLA leave.

51.

Through its termination of her employment, Mainline intentionally interfered with Taylor's right to FMLA leave.

52.

Mainline's purported reasons for Taylor's termination are pretextual.

53.

Mainline terminated Taylor in retaliation of her request for FMLA leave.

54.

Mainline intentionally terminated Taylor in retaliation of her request for FMLA leave.

## COUNT I
## INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT

55.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

56.

On August 17, 2022, Taylor was eligible for intermittent leave to care for the child under the FMLA.

57.

On August 18, 2022, Mainline knew that Taylor had requested intermittent leave to care for the child.

58.

Mainline's termination of Taylor constitutes interference with, restraint of and denial of the rights afforded to her by the FMLA.

59.

Mainline's termination of Taylor constitutes intentional interference with, restraint of and denial of the rights afforded to her by the FMLA.

60.

As a direct and proximate result of Mainline's illegal conduct, Taylor suffered loss of employment, loss of income, and loss of vacation, retirement and healthcare benefits.

61.

Taylor is entitled to recover from Mainline, her lost wages, salary, and employment benefits and interest thereon, calculated at the prevailing rate.

62.

Taylor is entitled to reinstatement to her former position at her former rate of pay and in accordance with rules and working conditions that applied to her immediately prior to August 18, 2022 or front pay in lieu thereof.

63.

Taylor is entitled to recover from Mainline liquidated damages in addition to the compensation alleged above in accordance with the FMLA, 29 U.S.C. §2617(a)(1).

64.

Taylor is entitled to recover from Mainline her costs of litigation from Mainline, including her reasonable attorneys' fees in accordance with the FMLA, 29 U.S.C. §2617(a)(3).

## COUNT II
## RETALIATION FOR ACTIVITY PROTECTED UNDER THE FMLA

65.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

66.

Taylor's request for intermittent FMLA leave is activity that is protected by the FMLA.

67.

Mainline terminated Taylor in retaliation for this protected activity.

68.

Mainline intentionally terminated Taylor in retaliation for this protected activity.

69.

Mainline's termination of Taylor constitutes retaliation in violation of the FMLA.

70.

Mainline's termination of Taylor constitutes intentional retaliation in violation of the FMLA.

71.

As a direct and proximate result of Defendant's unlawful conduct, Taylor suffered loss of employment, loss of income, and loss of vacation, retirement and healthcare benefits as well as the threat of losing her benefits as a full-time employee.

72.

Taylor is entitled to recover from Defendant the wages, salary, and employment benefits she has lost as a result of their unlawful conduct, and interest thereon, calculated at the prevailing rate.

73.

Taylor is entitled to liquidated damages in addition to the compensation alleged above in accordance with the FMLA, 29 U.S.C. §2617(a)(1).

74.

Taylor is entitled to reinstatement to her former position at her former rate of pay and in accordance with rules and working conditions that applied to her immediately prior to August 18, 2022, or front pay in lieu thereof.

75.

Taylor is entitled to recover her costs of litigation from Mainline, including her reasonable attorneys' fees in accordance with the FMLA, 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff respectfully prays:

1. That her claims be tried before a jury;

2. That she be awarded nominal damages;

3. That she be awarded an amount to be determined at trial against Mainline in compensatory damages for lost pay, vacation, retirement benefits and healthcare benefits, interest on all applicable amounts calculated at the prevailing rate;

4. That she be awarded a like amount as liquidated damages;

5. That the Court order Mainline to reinstate Taylor the reinstatement of Plaintiff to her former position or provide Plaintiff front pay in lieu of reinstatement;

5. That Plaintiff be awarded her costs of litigation including her reasonable attorneys' fees from Mainline; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | *DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC* |
| 101 MARIETTA STREET SUITE 2650 ATLANTA, GEORGIA 30303 (404) 979-3150 (404) 979-3170 (f) kevin.fitzpatrick@dcbflegal.com charlesbridgers@dcbflegal.com | */S/ KEVIN D. FITZPATRICK, JR.* KEVIN D. FITZPATRICK, JR. GA. BAR NO. 262375  */S/CHARLES R. BRIDGERS* CHARLES R. BRIDGERS GA. BAR NO. 080791  **COUNSEL FOR PLAINTIFF** |